**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alejandro M Borges,<br><br>    Plaintiff,<br><br>v.<br><br>Unknown Sanchez, et al.,<br><br>    Defendants. | No. CV-18-00367-TUC-RM<br><br>**ORDER** |

Pending before the Court are Plaintiff's Motion for Subpoena of Medical Records (Doc. 38), Motion to Appoint an Independent Expert (Doc. 39), Motion to Extend Deadline to Add Parties (Doc. 40), Motion for Leave to File Second Amended Complaint (Doc. 41), Motion to Add All Jane and John Does (Doc. 49), and a document titled "Reply to Defendants' Re: Motion to Add Parties," which the Court construes as a Second Motion for Leave to File Second Amended Complaint (Doc. 54).[1] As discussed below, the Court will deny each pending Motion as either premature, inadequately supported, or unduly burdensome.

**A.  Motion for Subpoena of Medical Records (Doc. 38)**

Plaintiff requests that the Court issue a subpoena duces tecum for medical records documenting Plaintiff's ocular surgery. (Doc 38.) The records are currently in the possession of Dr. Diego Calonje, an ophthalmologist in private practice. (*Id.*) Plaintiff alleges that he required ocular surgery due to the injuries alleged in this lawsuit. (*Id.*) Under

---
[1] Also pending is Defendants' Motion for Summary Judgment (Doc. 43) and Plaintiff's Motion to Deny Summary Judgment (Doc. 56), which will be addressed separately.

Arizona law, Plaintiff has the right to request and receive his personal medical records directly from his provider without the need for a subpoena. *See* A.R.S. § 12-2293(A) ("[T]he health care provider in possession of [medical records] shall provide access to or copies of the records," unless an exception applies, "on the written request of a patient.") Plaintiff has not alleged that he has attempted to request his records through this ordinary process. The Court will therefore deny Plaintiff's request for a subpoena at this time. However, as it appears the records are likely relevant to this lawsuit, Plaintiff shall be granted leave to refile his Motion for Subpoena should he be unable to obtain the relevant records through a direct request to the custodian of those records. Any refiled Motion for Subpoena must comply with General Order 18-19, which provides, in relevant part:

> [A]ny self-represented litigant who wishes to serve a subpoena must file a motion with the Court for issuance of the subpoena. The motion must (1) be in writing, (2) attach a copy of the proposed subpoena, (3) set forth the name and address of the witness to be subpoenaed and the custodian and general nature of any documents requested, and (4) state with particularity the reasons for seeking the testimony and documents.

Gen. Ord. 18-19.

### B. Motion to Appoint an Independent Expert (Doc. 39)

Plaintiff requests the Court appoint an independent ophthalmologist to evaluate and provide testimony regarding the injuries allegedly caused to his eye by Defendants' use of excessive force. (Doc. 39.) Plaintiff argues that expert testimony is necessary because of the complicated nature of the human eye and of Plaintiff's injuries. (*Id.*) Rule 706 of the Federal Rules of Evidence allows a court to appoint an expert witness on a party's motion. Fed R. Evid. 706(a). However, appointment of an expert witness is not necessary at this point in the proceedings. Defendants' pending Motion for Summary Judgment (Doc. 43) is limited to the issue of exhaustion of administrative remedies and does not address the merits of Plaintiff's claims. If, at a later point in these proceedings, the Court faces contradictory evidence that is particularly complex or confusing, it may re-evaluate whether to appoint a neutral expert witness under Rule 706. Plaintiff's Motion will be denied without prejudice.

. . . .

### C. Motion to Extend Deadline to Add Parties (Doc. 40) and Motion to Add All Jane and John Does (Doc. 49)

Plaintiff moves for an extension of the deadline to add parties, alleging that multiple officers not previously named "stood by" during the excessive force alleged by Plaintiff and that other officers helped secure Plaintiff in a restraint-chair. (Doc. 40.) Plaintiff also moves "to have all Jane and John Does added to the list of Defendants." (Doc. 49.)

Defendants oppose both Motions, arguing that any effort to add an additional defendant would be futile because the statute of limitations has run. (Doc. 47.) The statute of limitations for claims under 42 U.S.C. § 1983 is governed by state law, *see Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014), and the Arizona statute of limitations for personal injuries is two years, *see* A.R.S. § 12-542. Defendants argue that Plaintiff's action accrued on October 6, 2017, the date that the alleged excessive force occurred, and that the statute of limitations therefore expired on October 6, 2019. (Doc. 47.) Defendants are correct that Plaintiff's action accrued at the time of his injuries even though he was required to exhaust his administrative remedies before filing suit. *See Soto v. Sweetman,* 882 F.3d 865, 871 (9th Cir. 2018). But Defendants ignore that the statute of limitations was likely tolled during the time when Plaintiff was diligently seeking to exhaust his administrative remedies. *See id.* "Federal courts in § 1983 actions apply the state statute of limitations from personal-injury claims and borrow the state's tolling rules." *Id.* "Arizona law requires tolling the statute of limitations while a claimant pursues Arizona's prison grievance process," at least during any period where a prisoner-plaintiff diligently pursues required exhaustion. *Id.* Defendants have offered no explanation for why that general rule would not apply here.

Defendants argue more persuasively that amendment would be futile because Plaintiff has made no factual allegations against the proposed Doe Defendants except that they "stood by" while Plaintiff's rights were allegedly violated or assisted in securing Plaintiff in a restraint chair—allegations not sufficient to state a claim upon which relief might be granted. (Doc. 50.) To properly plead a constitutional violation under § 1983,

Plaintiff must "plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). Plaintiff has not plead a constitutional claim relating to being placed in a restraint chair, and the allegation that other officers "stood by" during alleged excessive force does not allege that those officers personally violated Plaintiff's rights. As Plaintiff has provided no allegation that the proposed Doe Defendants' "own individual actions" violated Plaintiff's constitutional rights, it appears that the proposed amendment would be futile. Plaintiff's Motions will be denied accordingly.

### D. Motion for Leave to File Second Amended Complaint (Doc. 41)

Plaintiff moves for leave to file a Second Amended Complaint ("SAC") (Doc. 41), and Defendants do not oppose that Motion (Doc. 47). Plaintiff proposes certain stylistic amendments, including changing the description of the injury to his eye from "strike" to "nick," and changing the words "floor, pod, [and] area" to "unit." (Doc. 41.) Plaintiff also proposes amending Count 3 from a Fourth Amendment Search & Seizure claim to a First Amendment Free Speech/Retaliation Claim. (*Id.*) Finally, Plaintiff proposes amending his request for damages from $367,000 to "compensatory damages [to be determined] at trial." (*Id.*) As explained below, the Court will deny Plaintiffs' Motion for a Second Amended Complaint.

With regard to the stylistic amendments, the Court finds that they would neither change the meaning of, nor significantly increase the clarity of, Plaintiff's First Amended Complaint. The proposed stylistic amendments are therefore not necessary.

With regard to amending Count Three from a Fourth Amendment Search & Seizure claim to a First Amendment Free Speech/Retaliation Claim, the Court has already addressed this request in its Order (Doc. 21) resolving Plaintiff's Motion for Reconsideration (Doc. 15). As the Court previously explained, Count Three of the Second Amended Complaint has already been construed as a First Amendment Retaliation claim against Defendant Medley. (Doc. 21.) No amendment is therefore necessary.

Finally, with regard to Plaintiff's proposed amendment to his request for damages,

Plaintiff has provided no support for the proposition that the $367,000 in compensatory damages he originally sought would be insufficient to compensate him for the injuries alleged. Moreover, technically, "these amendments are not necessary since Rule 54(c) provides that regardless of the formal demand for relief, 'the final judgment should grant the relief to which each party is entitled ….'" 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1474 (3d ed. August 2019). The proposed amendment is particularly unnecessary here because it would merely remove the specific dollar figure demanded but not change the type of relief requested.

Given that a potentially dispositive Motion for Summary Judgment on the First Amended Complaint is already pending, and that Plaintiff's proposed amendments are not necessary, the Court finds that the burden and inconvenience of amendment would outweigh any benefit.

### E. Second Motion for Leave to File Second Amended Complaint (Doc. 54)

Accompanying his Reply to Defendants' Response to Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 41), Plaintiff filed a Second Proposed SAC (Docs. 54, 54-1). As a threshold matter, it is procedurally improper to file any Proposed Amended Complaint as a Reply to a Response, as doing so deprives the opposing party of an opportunity to respond. Even if this procedural irregularity were put to the side, the Court would still decline to accept the Proposed SAC. (Doc. 54). Having reviewed the Proposed SAC, the Court notes that it makes substantially identical factual allegations as Plaintiff's previously Amended Complaint (Doc. 13) and that it contains the same legal claims as construed by the Court (Doc. 14). The main substantive difference between Plaintiff's FAC and Proposed SAC is that the Proposed SAC names certain John and Jane Does as Defendants. (Doc. 54.) However, as explained above, it would be futile to add these parties because Plaintiff has not made particularized allegations that these individuals violated Plaintiff's rights. Given that a potentially dispositive Motion for Summary Judgment remains pending and that the proposed amendments are either unnecessary or futile, the Court will decline to accept for filing Plaintiff's Second Proposed SAC.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Subpoena of Medical Records from Third Party (Doc 38) is **denied without prejudice**.

**IT IS ORDERED** that Plaintiff's Motion to Appoint Independent Expert (Doc. 39) is **denied without prejudice**.

**IT IS ORDERED** that Plaintiff's Motion to Extend Deadline to Add Parties (Doc. 40) is **denied**.

**IT IS ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 41) is **denied**.

**IT IS ORDERED** that Plaintiff's Motion to Add All Jane and John Does (Doc. 49) is **denied**.

**IT IS ORDERED** that Plaintiff's "Reply to Defendants' Re: Motion to Add Parties," construed as a Second Motion for Leave to File Second Amended Complaint (Doc. 54), is **denied**.

Dated this 15th day of November, 2019.

_____
Honorable Rosemary Márquez
United States District Judge